FERRIS & BRITTON
A Professional Corporation
  Michael R. Weinstein (SBN 106464)
  Scott H. Toothacre (SBN 146530)
501 West Broadway, Suite 1450
San Diego, California 92101
Telephone (619) 233-3131
Fax (619) 232-9316
mweinstein@ferrisbritton.com
stoothacre@ferrisbritton.com

Attorneys for Plaintiff
INNERLINE ENGINEERING, INC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNERLINE ENGINEERING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN E. REDING and JAMES E. MURRAY, Trustees;<br><br>OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees;<br><br>OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | Case No.   3:22-cv-3663<br><br>**PLAINTIFF INNERLINE ENGINEERING, INC.'S COMPLAINT FOR DECLARATORY RELIEF AND UNJUST ENRICHMENT** |

1

**PLAINTIFF INNERLINE ENGINEERING, INC.'S COMPLAINT FOR DECLARATORY RELIEF AND UNJUST ENRICHMENT**

| | |
|---|---|
| 1 | HEAVY AND HIGHWAY COMMITTEE aka HEAVY AND HIGHWAY TRUST FUND; |
| 2 | |
| 3 | OPERATING ENGINEERS LOCAL 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO; and |
| 4 | |
| 5 | DOES 1 through 20, inclusive, |
| 6 | Defendants. |

Plaintiff, Innerline Engineering, Inc., alleges as follows:

## PARTIES

1. Plaintiff, Innerline Engineering, Inc. ("Innerline") is a California corporation, a corporation located within the City of Corona, County of San Riverside, State of California, and doing business within the State of California. Plaintiff Innerline offers a variety of services to municipalities, utility owners, industrial facilities and commercial property owners for the maintenance of their underground utilities.

2. Plaintiff is informed and believes and based thereon alleges that defendants the Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"), the Pension Trust Fund for Operating Engineers ("Pension Plan"), the Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund), the Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"), and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Plaintiff is further informed and believes and based thereon alleges that Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Plan, Pensioned Health Fund, and Affirmative Action Training Fund, and Vacation Trust Fund, and have authority to act on behalf of all Trustees of those Funds, and that Dan Reding and James E. Murray are Co-

Chairmen of the Joint Boards of Trustees of the Vacation Fund and have authority to act on behalf of all Trustees of the Vacation Fund. The Trust Funds and their fiduciaries are together referred to herein as "ERISA Defendants" or "Defendants."

3. Plaintiff is informed and believes and based thereon alleges that defendant Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

4. Plaintiff is informed and believes and based thereon alleges that the six Trust Fund defendants alleged in paragraphs 2 and 3 above are administered at their principal place of business in the City Alameda, County of Alameda, State of California.

5. Plaintiff is informed and believes and based thereon alleges that Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and collected union dues owing as part of the contribution claims of Defendants against third party Caribou Energy Corporation, a North Dakota corporation. Plaintiff is informed and believes and thereon alleges that the Union's headquarters are located in the City of Alameda, County of Alameda, State of California.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously named defendants was and is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and omissions of the aforementioned defendants.

7. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein were, at all times relevant to this action, the agent, employee, representative, partner, or joint venture of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes,

3

and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein by each of the remaining defendants.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to preside over this matter because the subject matter of the Complaint is a challenge to a void Writ of Execution that the Clerk of the U.S. District Court in the Northern District of California issued pursuant to a Judgment entered in the Underlying Action before that same federal court, as further alleged below. The amount in controversy is in excess of $25,000.00.

9. Venue is proper in that all the defendant Trust Funds and the defendant Union is headquartered and does business in the City of Alameda, County of Alameda, State of California, within the jurisdictional boundaries of the United States District Court for the Northern District of California.

## GENERAL ALLEGATIONS

10. This case arises out of an underlying case titled OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, etc. et al. vs. CARIBOU ENERGY CORPORATION, a North Dakota Corporation; CHRISTOPHER SCOTT YENZER, an individual; and RAFAEL PADILLA, an individual, which was litigated in United States District Court, Northern District of California, Case No. C18-02086 YGR. (the "Underlying Action")

11. Defendants herein were plaintiffs in the Underlying Action. Defendants herein are referred to collectively hereinafter as "OE3."

12. Caribou Energy Corporation ("Caribou"), Christopher Scott Yenzer ("Yenzer"), and Rafael Padilla ("Padilla") were defendants in the Underlying Action. **Innerline was not a party to the Underlying Action.**

13. On July 3, 2018, in the Underlying Action, pursuant to a Judgment Pursuant to Stipulation signed by the parties, the Court entered a modified Judgment Pursuant to Stipulation in favor of OE3 and against Caribou and Padilla, in the amount of $345,849.44 plus additional sums (the "Stipulated Judgment"). A copy of the Stipulated Judgment is

4

attached hereto as Exhibit A.

14. Padilla was a corporate officer of both Caribou and Innerline when he signed the Stipulated Judgment in the Underlying Action. Both Caribou and Innerline were wholly-owned subsidiaries of IE Storm Tech Leasing, LLC ("IE Storm Tech"). IE Storm Tech was not a party to the Underlying Action. Padilla did not have an ownership interest in Caribou, Innerline, or their parent, IE Storm Tech. **Innerline was not a party to the Underlying Action and was not added as a judgment debtor to the Stipulated Judgment by post-judgment motion.**

15. Paragraph 3 of the Stipulated Judgment in the Underlying Action provides that defendant Padilla ("Guarantor") confirms that he is personally guaranteeing the amounts due and that defendants Caribou and Padilla further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which either defendant joins or merges, if any, shall also be bound by the terms of the Stipulated Judgment as guarantors. Paragraph 3 further states that this shall include any additional entities in which Padilla is an officer, owner or possesses any controlling ownership interest and that all such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms therein, in writing at the time of any assignment, affiliation or purchase.

16. Paragraph 12 of the Stipulated Judgment provides that a Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms of the Stipulated Judgment, and solely upon a declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

17. At the time Rafael Padilla signed the Stipulated Judgment (June 21, 2018), defendant Padilla was also the CEO of Innerline Engineering, Inc. ("Innerline"). However, as previously noted, Innerline was not a party to the Underlying Action.

18. A judge has the statutory authority under Code of Civil Procedure ("CCP")

section 187 to amend a judgment to add additional judgment debtors. Defendant OE3, the plaintiff in the Underlying Action, <u>never</u> filed a noticed motion under CCP § 187, or any other statute, to amend the Stipulated Judgment to add Innerline as an additional judgment debtor.

19.  On October 4, 2018, in the Underlying Action, OE3 filed its application for issuance of a Writ of Execution in the amount of $535,144.25 plus daily interest of $146.61 from the date of the Writ until satisfied. Based on the terms of the Stipulated Judgment and the supporting declaration of its attorney establishing the fact that Padilla was an officer of Innerline at the time the Stipulated Judgment was signed, OE3 requested the Court Clerk to add Innerline as a judgment debtor to the Writ of Execution. In other words, despite the fact that Innerline was not a party to the Underlying Action, OE3 nevertheless claimed that *Innerline* was bound by the terms of the Stipulated Judgment as a guarantor because defendant Padilla was a corporate officer of Innerline when he signed the Stipulated Judgment. It was on that basis that OE3, plaintiff in the Underlying Action, requested that the Court Clerk include Innerline as a judgment debtor on the Writ of Execution. A copy of the application for Writ of Execution and supporting Declaration of Matthew Minser is attached as Exhibit B.

20.  At the time the parties signed the Stipulated Judgment, Innerline was neither a parent nor a subsidiary of Caribou. Innerline was not a controlling company of Caribou. Innerline and Caribou were merely sister companies in that each was a wholly-owned subsidiary of IE Storm Tech. In seeking to add Innerline as an additional judgment debtor to the Writ of Execution, OE3 relied solely and entirely on the factual assertion and legal argument that *Innerline* should be added as an additional judgment debtor because Padilla was a corporate officer of Innerline when he signed the Stipulated Judgment to which Padilla and Caribou were parties.

21.  On October 5, 2018, the Clerk of the Court issued the Writ of Execution as requested by OE3's counsel. The Writ of Execution added Innerline as an additional judgment debtor on the writ. A copy of the issued Writ of Execution is attached as Exhibit

C. Innerline also is informed and believes and thereon alleges that Clerk issuing the writ failed to obtain the review and approval of a judge to add Innerline as a judgment debtor to the writ as required by statute.

22. Innerline was served with the Writ of Execution and Notice of Levy thereon on October 23, 2018.

23. OE3 has levied against Innerline's assets by virtue of having Innerline added as an additional judgment debtor to the Writ of Execution. As of the current date, OE3 has unlawfully levied and received payments belonging to Innerline in the amount in excess of $438,000.00, according to proof., calculated as follows:

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF

24. Plaintiff Innerline realleges and incorporates herein, as though fully set forth, the allegations set forth above in paragraphs 1 through 23.

25. Defendants OE3 have improperly, unlawfully and without filing the requisite motion, had Innerline added as a judgment debtor to the Writ of Execution issued post-judgment in case in the Underlying Action to which Innerline was not a party and in which Innerline was not provided an opportunity to be heard in defense of any claims against it, thereby violating Innerline's right to due process of law. The Writ of Execution was, and is, void as a matter of law as against Plaintiff, Innerline.

26. Defendants OE3 have improperly and unlawfully levied funds in an amount in excess of $438,000.00 according to proof, which monies rightfully belong to Plaintiff herein, Innerline.

27. There exists a substantial an actual controversy between the parties regarding the validity of the Writ of Execution and whether funds may be properly levied upon pursuant to the Writ of Execution. Plaintiff Innerline seeks a declaratory judgment that said Writ of Execution is invalid and may not be properly levied upon to satisfy the Judgment in the Underlying Action.

///

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

28. Plaintiff Innerline realleges and incorporates herein, as though fully set forth, the allegations of paragraphs 1-23 above.

29. Defendants OE3 have improperly, unlawfully and without filing the requisite motion, had Innerline added as a judgment debtor to the Writ of Execution issued post-judgment in case in the Underlying Action to which Innerline was not a party and in which Innerline was not provided an opportunity to be heard in defense of any claims against it, thereby violating Innerline's right to due process of law.  The Writ of Execution was, and is, void as a matter of law as against Plaintiff Innerline.

30. Pursuant to the improper and unlawful Writ of Execution issue post-judgment in the Underlying Action, Defendants have caused levies to be executed on Plaintiff's accounts in an amount in excess of $438,000.00, according to proof, all to Defendant OE3's financial benefit and to Plaintiff Innerline's financial detriment.

31. The monies Defendants OE3 obtained as a result of the improper and unlawful levies rightfully belong to Plaintiff Innerline and, thus, Defendants OE3 have been unjustly enriched in said amounts.

32. It would be inequitable and unjust for Defendants OE3 to be permitted to retain any of the funds levied against Innerline's accounts pursuant to the void Writ of Execution.

33. Plaintiff Innerline is accordingly entitled to equitable relief in the form of restitution of all such funds wrongfully levied by Defendants OE3 as a result of its wrongful acts.  Plaintiff Innerline therefore demands restitution and judgment against Defendants OE3 in an amount in excess of $438,000, according to proof, together with any allowable pre-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That the Court declare, adjudge and decree that Plaintiff Innerline

Engineering, Inc. was unlawfully added as a judgment debtor to the writ of execution in the Underlying Action and that said Writ of Execution was and is void as a matter of law as against Innerline;

    2.    That the Court declare, adjudge and decree that Defendants OE3 were unjustly enriched by their unlawful actions and to the detriment of Plaintiff herein in an amount according to proof and alleged to be in excess of $438,000.00;

    3.    That as a result of their acts of unjust enrichment the Plaintiff be awarded restitution from Defendants OE3 in an amount according to proof and alleged to be in excess of $438,000.00;

    4.    That Plaintiff be awarded pre-judgment and post-judgment interest at the legal rate of interest; and

    5.    That the Court grant other legal and equitable relief as it may deem just and proper under the circumstances, including such other relief as the Court may deem just and proper to redress, and prevent recurrence of the unlawful actions by Defendants OE3.

Dated: June 22, 2022

FERRIS & BRITTON, APC

By: *Michael R Weinstein*
Michael R. Weinstein
Scott H. Toothacre
Attorneys for Plaintiff
INNERLINE ENGINEERING, INC.

**PLAINTIFF INNERLINE ENGINEERING, INC'S COMPLAINT FOR DECLARATORY RELIEF AND UNJUST ENRICHMENT**